Kirkpatrick C. J.
This was an action of debt upon a single bill. The original writ was for £. 22. 2 s. York money, equal to 55 dollars, 25 cents, with lawful interest for the same. The declaration was for the same sum, and concluded, to the damage of the plaintiff 150 dollars. The defendant pleaded payment, and in support of his plea, at the trial, offered to give in evidence,
1. That the plaintiff gave him a letter of attorney in 1798, to pursue and arrest a negro slave of the plaintiff’s who had run away; and that the plaintiff agreed that if the defendant would go in pursuit of the said negro and bring him back or cause him to return, he would pay him one half of the negro; that the defendant did go in *350 pursuit of the negro, but did not see him; and that in consequence of the pursuit, the negro returned ; and that the plaintiff afterwards sold him for a sum which the defendant offered to prove.
To this evidence the plaintiff objected, and it was overruled by the court, and a bill of exceptions taken. '
2. The defendant also offered to give in evidence, that in 1798 a negro slave, belonging to the plaintiff, ran away from *him; that the plaintiff employed defendant to pursue and arrest him; that the defendant went in pursuit, and that in consequence thereof, the negro returned to his master. That the defendant expended money and underwent fatigue in this business, for which he claimed a compensation by way of off-set.
To this evidence also, the plaintiff objected, and it was overruled by the court and a bill of exceptions taken.
The jury found that the defendant did not pay to the plaintiff the sum of 55 dollars, 25 cents, with interest, and that there is due to the plaintiff 118 dollars, 17 cents, with six cents costs.
The judgment is that the plaintiff do recover his said debt of 118 dollars, 17 cents, and damages and costs which are left blank in the record.
The first error assigned in this judgment, is founded upon the bills of exception.
And as to the first of these. Nothing can be more fully settled than that damages arising on a special contract, cannot be made matter of set-off in an action of debt. And in this case the defendant does not even offer to prove performance, specifically, on his part; he does not pretend, either that he brought the negro back or caused him to return, for though he pursued, he did not see him. The returning of the negro in consequence of the pursuit, being, as may be inferred, a voluntary thing in the negro himself, and in no way procured by the defendant, does not appear to me to be a fulfilment of the contract on his part. But even if this were otherwise, it does not better the case, for surely half a negro is not matter of set-off. And that the plaintiff afterwards sold him for a specific sum does not mend the matter. The plaintiff’s liability upon his special contract must first be *351 established, and that either by the concurrence of the panics, or in an action on the contract itself. For it is not because a jury cannot ascertain the damages on a special contract, that it cannot be set off in an action of debt, but it is because the policy of the law will not permit matters of a nature so totally distinct, and which require pleadings so totally different, to be blended together in one action.
Then as to the second bill of exceptions. The defendant having been overruled by the court in offering his special contract, lays it down as a principle, that after performance the party may waive his special contract, and have assumpsit (and if as*sumpsit, set-off) for the value of the work done or service performed ; and therefore maintains that the matter secondly offered in evidence ought to have been permitted to go to the jury. lie gives in support of this, what justice Denison says in 1 Wilson 115, and also 2 Ld. Ray. But I think what has been claimed on this subject, goes far beyond the principle of the cases cited. If I make a contract for the building of a house, or for the completion of any piece of mechanism, for a sum certain, and the house be actually built or the mechanism completed, according to contract, shall it be in the power of the party performing to abandon the contract, and to recover according to the number of days he may have spent upon it, or the expense, in money, which it may have cost him ? (a) Suppose this defendant had chosen to pursue the negro in question to Charleston in South-Carolina, and had expended the value of two or three negroes in that pursuit, could he, by abandoning his contract and going for the time and money expended, recover the whole on that foot, from the plaintiff? Common sense as well as common law, forbids the supposition. He was entitled to the benefit of his contract, but he was entitled to nothing more.
It is also assigned for error, upon the face of the record, that the original writ, as well as the declaration, being *352 for £22. 2 s. York money, equal to 55 dollars, 25 cents, - with interest, and the judgment being for 118 dollars, 17 cents, of debt, besides damages and costs, the judgment is for a greater sum than was demanded by the writ, and that therefore it is not warranted by the writ, but is erroneous.
Upon the principles of the common law, the error assigned, I think would be fatal. Debt upon a sealed bill being a specific sum, it must be specifically demanded by the writ, and recovered by the judgment. And the interest was given by way of damages for the detention, by the jury, if the cause went to a jury, or by the assessment of the court, if the judgment were by default.
But by the act for preventing the multiplicity of law-suits, passed 1722, which is the first in this country that authorises a set-off in mutual dealings, it is in the first place set forth in the preamble, that certain evils had arisen because there was no law authorising justices and juries to balance the accounts of the parties litigant, &c.; and then, after giving the plea of payment, with notice of the particulars to be set off, it is enacted, that if any *part of the sum demanded by the plaintiff is paid (or satisfied by such set-off), then so much as is found shall be discounted, and the plaintiff shall have judgment for the remainder only, with costs, &c.
Now the construction given to this act, all taken together, was that the jury, before whom the cause was tried, should balance the accounts of the parties, and render their verdict for that balance only. It was not thought necessary that they should specify, in their verdict, the whole sum due to the plaintiff on his demand, and then the sum paid by the defendant, and that therefore there remained such a sum unpaid. Perhaps, this would have been the most beneficial construction. It would, in some measure, have prevented that kind of lumping business which we have but too frequently seen. But the opinion, at that time, was otherwise, and the practice has been otherwise ever since.
I remember to have had a conversation with the learned gentleman who drew the present act on this subject, at the time he was employed in it, and to have stated to him *353 the benefits which I thought would result from requiring the jury to find specifically both the debt and the payment; but he entertained a different opinion, and said it would perhaps tend only to embarrass a practice which was already well settled and well understood. In all cases, therefore, where payment with notice of set-off was pleaded under that act, whether in actions of debt on bond, bill, or simple contract, or in actions of assumpsit, and whether any payment had actually been proved upon the trial or not, 1 thinlc it will be found, by looking into the records of the court, the verdict has been rendered simply for the balance, with damages and costs, (both nominal) and judgment entered accordingly.
But if such was the construction of the old act, and the practice under it, how much more clearly must it be so of the present one ? By the present one it is enacted, that if there be plea of payment, with notice of set-off, then, upon the trial, if it shall appear that any part of the debt has been paid, it shall be the duty of the jury to discount so much, and to find a verdict for the balance, for which the plaintiff shall have judgment.
Now therefore, in this case, if there had been payment to the amount of a dollar only, it is manifest that the jury must have found the balance due, which would have far exceeded the sum in the writ, and that the judgment must have been accordingly. *And the only question is, whether, as there was no payment, the same course is to be pursued ? And I think it is. The construction of the old act, on the same subject, and pretty nearly in the same words, and the practice under it, as well as the ■words of this act and the practice under it, so far as we have already gone, all go to confirm this opinion. And if this be so, the verdict is right, and the judgment is right.
Therefore, let the judgment be affirmed.

 Perrine vs. Hankinson, 6 Hal. 181. Richardson vs. Lanning, 2 Dutch. 130. Haslack vs. Mayers, 2 Dutch. 285. State St. Church vs. Gordon, 2 Vr. 264. Brown vs. Fitch, 4 Vr. 418. School Trustees of Trenton vs. Bennett, 3 Dutch. 513. Hargrave vs. Conroy, 4 C. E. Gr. 281.